UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOHNATHAN STEVENS,

                                    Plaintiff,

                  -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, CAPTAIN KEVIN CATALINA,
POLICE OFFICER JOSEPH CAROLAN, SHIELD
#12694, JOHN DOE POLICE OFFICER ##1-7,

                              Defendants.

------------------------------------------------------------------------ x

**ANSWER**

**07 CV 11442 (VM)**

**<u>Jury Trial Demanded</u>**

          Defendants, City of New York ("City"), Raymond Kelly and Joseph Carolan, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, allege upon information and belief as follows[1]:

          1.   Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

          2.   Deny the allegations set forth in paragraph "2" of the complaint.

          3.   Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

          4.   Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

          5.   Deny the allegations set forth in paragraph "5" of the complaint.

---

[1] Upon information and belief, the individual named in the caption as "Captain Kevin Catalina," has never been served with process and therefore is not a party to the action.

6.   Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to base venue as stated therein.

7.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.   Deny the allegations set forth in paragraph "8" of the complaint, except admit that defendant City is a municipal entity and respectfully refers the Court to the New York State Charter.

9.   Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendant Kelly is the Police Commissioner of the New York City Police Department and that plaintiff purports to sue him as stated therein.

10.   Deny the allegations set forth in paragraph "10" of the complaint, except admit that defendant Kevin Catalina is employed by the City of New York as a police officer.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Paragraph "12" of the complaint sets forth conclusions of law, rather than averments of fact, and accordingly no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint, including subparts (a) through (f) thereto.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

28. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

29. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

30. Defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

31. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

32. Any injuries alleged in the in the complaint were caused, in whole or in part, by plaintiff's own culpable or negligent conduct and/or the conduct of others for whom the City of New York is not responsible and were not the proximate result of any act of the City defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

33. Plaintiff may have failed to comply with conditions precedent to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

34. There was probable cause for plaintiff's arrest, detention and/or prosecution.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

35. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

36. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:

37. Plaintiff's claims may be barred in part by the applicable statute of limitations.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:**

38. Plaintiff may have failed to comply with General Municipal Law §50-i and, accordingly, any claims arising under the laws of the state of New York may be barred.

**WHEREFORE,** defendants the City of New York, Raymond Kelly, and Joseph Carolan request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            February 19, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                     City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 3-163
                                    New York, New York 10007
                                    (212) 788-8343

                              By:   _____
                                    Baree Fett (Hassett) (BH9416)
                                    Assistant Corporation Counsel

To:        Leo Glickman (By ECF and Mail)
           71 Nevins Street
           Brooklyn, New York 11217

## DECLARATION OF SERVICE BY MAIL

I, BAREE N. FETT (HASSETT) declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on February 19, 2008, I caused to be served the annexed **ANSWER** upon the following plaintiff, by his attorney, Leo Glickman, Esq., by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff's counsel at the address set forth below, being the address designated by said plaintiff for that purpose:

TO:    Leo Glickman, Esq.
        71 Nevins Street
        Brooklyn, New York 11217

Dated:      New York, New York
           February 19, 2008

                                                                        _____
                                                          BAREE N. FETT (HASSETT)

Index No.  07 CV 11442

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNATHAN STEVENS,

                                                            Plaintiff,

                              -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, CAPTAIN KEVIN CATALINA,
POLICE OFFICER JOSEPH CAROLAN, SHIELD #12694,
JOHN DOE POLICE OFFICER ##1-7,

                                                            Defendants.

## ANSWER TO THE COMPLAINT

### MICHAEL A. CARDOZO
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York  10007*

*Of Counsel Baree Fett (Hassett)*
*Tel:  (212) 788-8343*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ................................................................ *, 200...*

................................................................................ *Esq.*

*Attorney for* ........................................................................